59 N.J. Super. 408 (1960)
157 A.2d 862
ANNE F. LO CURTO AND ROSALIE HART, PLAINTIFFS,
v.
RIVER EDGE GIRL SCOUT ASSOCIATION, INC. AND BERGEN COUNTY COUNCIL OF GIRL SCOUTS, INC., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 5, 1960.
*409 Mr. William DeLorenzo, Jr., for the plaintiffs (Messrs. DeLorenzo and Garofalo, attorneys).
Mr. Herman Vanderwart for the defendants.
*410 GRIMSHAW, J.S.C.
Plaintiffs are members in good standing of the defendant River Edge Girl Scout Association, Inc. They seek a restraint against the consummation of a proposed merger between the two defendant corporations, both of which are corporations not for pecuniary profit.
Plaintiffs base their claim for relief upon the allegation that the resolution of the defendant River Edge approving the merger, which was adopted on January 4, 1960, was in violation of the by-laws of that organization in that proxy voting was permitted.
It may be conceded for the purposes of this motion that the preliminary steps looking toward a merger as outlined in the statute, R.S. 15:1-1 et seq., were properly taken. The sole question is whether the resolution approving the merger was properly adopted at the January 4 meeting of the defendant River Edge.
It has long been settled in this State that in the absence of statutory authority coupled with suitable provisions in the by-laws of a corporation, voting on corporate matters must be by the members of the corporation in person and not by proxy. Taylor v. Griswold, 14 N.J.L. 222 (Sup. Ct. 1834).
The statute under which defendants operate, R.S. 15:1-1 et seq., provides in section 4(e), as follows:

"15:1-4. POWERS.
"* * * every corporation created under the provisions of this title shall have power to:

* * * * * * * *
"e. Make by-laws for the management of its property and the regulation of its affairs, which by-laws may contain provisions empowering any absent member entitled to vote at any meeting of the members of the corporation, to be represented and vote at any such meeting by proxy authorized in writing, and said by-laws may prescribe the qualifications of proxies and the form of the written authorization, but no such written authorization shall be valid after three years from its date."
The defendant River Edge failed to take advantage of this provision of the statute and did not provide for proxy *411 voting in its by-laws. Hence, such voting was improper. Defendants point to N.J.S.A. 15:2-7 as authority for their action. That section provides, among other things, that the agreement of merger may be approved "by vote or ballot of a majority of the members having voting rights, present or represented by proxy and being not less than twenty-five per centum of the whole membership having voting rights." The section, however, must be read in conjunction with R.S. 15:1-4(e).
There being no authorization for proxy voting in the by-laws of the defendant River Edge, the approval of the merger was a nullity.
The restraint sought will be granted unless and until a proper approval of the merger is voted.